IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HENRY JOSEPH BORELLI,**

**Petitioner,**

**v.**                                                        **Civil Action No. 2:06cv87**
                                                             **(Judge Maxwell)**

**AL HAYNES, Warden,**

**Respondent.**

## REPORT AND RECOMMENDATION

Petitioner initiated this case on September 5, 2006, by filing a *pro se* Application for a

Habeas Corpus under 28 U.S.C. § 2241.

## I.  Procedural History

### A.  Petitioner's Conviction and Sentence

On October 4, 1984, Petitioner was charged in the Southern District of New York with

transporting stolen automobiles in interstate commerce.  Petitioner was found guilty on fifteen

counts and sentenced to 10 years on each count, to run consecutively, for a total term of 150

years imprisonment.  It is not clear whether Petitioner filed a direct appeal of his conviction and

sentence, however, a review of his case in the Southern District of New York shows that

petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Illegal

Sentence on or about April 23, 1993.  See United States v. Borelli, 1:84cr63 (S.D.N.Y. 1984).[1]

Petitioners' § 2255 motion was denied on October 20, 1994.

_____

[1] Documents filed in Petitioner's criminal case prior to April 1, 1992, are not available on
PACER, the Court's electronic docketing system.  See http://pacer.uspci.uscourts.gov/.

Dockets.Justia.com

**B.  Petitioner's § 2241 Petition**

In the petition, Petitioner asserts that his indictment was defective because it designates

HENRY BORELLI, not Henry Joseph Borelli, as the defendant.  Petition at 6.  Thus, Petitioner

asserts that he, Henry Joseph Borelli, was not named in the indictment and is being held hostage

at the Hazelton Penitentiary without indictment or judgment by a court.  Id.  Moreover,

Petitioner asserts that he has withdrawn the registration of his name with the Department of

Health and Mental Hygiene, as well as the Social Security Administration.  Id. at 7.  Thus,

HENRY BORELLI is a fictitious party and, since there are no provisions in the federal criminal

code for the use of fictitious parties, the indictment in United States v. Borelli, 1:84:cr63

(S.D.N.Y.), is invalid.  Id. at 8-14.  Finally, Petitioner argues that the fact that his attorney did

not advise him of the above facts, denied him the effective assistance of counsel.  Id. at 14-15.

## II.  Analysis

The primary means of collaterally attacking a federal conviction and sentence is through

a motion pursuant to 28 U.S.C. § 2255.  A § 2241 petition is used to attack the manner in which

a sentence is executed.  Thus, a § 2241 petition that challenges a federal conviction and sentence

is properly construed to be a § 2255 motion.  The only exception to this conclusion is where a §

2241 petition attacking a federal conviction and sentence is entertained because the petitioner

can satisfy the requirements of the "savings clause" in § 2255.  Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this
> section, shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced
> him, or that such court has denied him relief, *unless it also appears*
> *that the remedy by motion is inadequate or ineffective to test the*
> *legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become

unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions,

or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the

§ 2255 remedy is inadequate of ineffective.  In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a
> conviction when: (1) at the time of the conviction, settled law of
> this circuit or the Supreme Court established the legality of the
> conviction; (2) subsequent to the prisoner's direct appeal and first
> §2255 motion, the substantive law changed such that the conduct
> of which the prisoner was convicted is deemed not to be criminal;
> and (3) the prisoner cannot satisfy the gate-keeping provisions of
> §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, Petitioner asserts that § 2255 is an inadequate remedy because he is not

validly a party in the underlying criminal case.  Moreover, Petitioner asserts that § 2241 is the

proper vehicle for bringing his challenge because he does not attack his conviction, judgment, or

sentence.  However, by attacking the validity of the indictment in his underlying criminal case,

Petitioner is clearly attacking the validity of his conviction and sentence.  Moreover, there is

nothing in Petitioner's § 2241 petition which establishes that he meets the Jones requirements.

Consequently, because Petitioner has not demonstrated that § 2255 is an inadequate or

ineffective remedy, he has improperly filed a § 2241 petition.

### III.  Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that Petitioner's

Application for a Habeas Corpus under 28 U.S.C. § 2241 be DENIED and DISMISSED with

prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.   28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: September 7, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE